Affirmed and Memorandum Opinion filed January 22, 2008








Affirmed and Memorandum Opinion filed January 22, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00037-CR

____________

 

JIMMIE KEITH EVANS, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1061358

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Jimmie Keith Evans, guilty of the
felony offense of robbery.  See Tex. Penal Code Ann. ' 29.02 (Vernon
2003).  The trial court sentenced appellant to twenty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  In two
issues on appeal, appellant contends his conviction must be reversed because
(1) the evidence is legally and factually insufficient, and (2) the trial court
erred when it admitted evidence of appellant=s alleged
involvement in a similar robbery.  We affirm.








Factual and Procedural Background

Around 11:30 a.m., on February 28, 2006, the complainant,
Carol Dominy, drove into a Kroger parking lot in Channelview, Texas.  After
parking her vehicle, Ms. Dominy exited her vehicle.  Immediately after she
exited her vehicle and while she was standing beside the vehicle, a small SUV
pulled up close to Ms. Dominy and the driver said AHi.@  Thinking the
driver was speaking to her, Ms. Dominy turned and looked right into the eyes of
the driver.  The driver then reached out of the SUV and grabbed Ms. Dominy=s purse.  Ms.
Dominy resisted the driver=s efforts to pull the purse off her
shoulder, even after the driver began driving away.  Ms. Dominy finally
released her purse only when she was pulled to the ground by the force of the
SUV pulling away.  Shortly after her purse had been stolen, a deputy with the
Harris County Sheriff=s Department arrived and interviewed Ms.
Dominy.  Later that same day, Ms. Dominy went to the emergency room and was
treated for her injuries sustained during the robbery, including abrasions of
the right hand, left knee pain, and swelling to the left foot.

On March 14, 2006, Ms. Dominy met with Detective Shane
McCoy at the sheriff=s office.  Ms. Dominy told Detective McCoy,
and later testified at trial, that there were four men in the small SUV when
she was robbed.  She described the driver as a black male and the front seat
passenger as a white male.  Following Ms. Dominy=s description of
what happened, Detective McCoy showed her two photospreads, one of white males
of similar characteristics and one of black males of similar characteristics. 
Ms. Dominy positively identified appellant in the second photospread.  During
trial, Ms. Dominy identified appellant as the driver who took her purse.  In
addition, although her only encounter with appellant had been brief, Ms. Dominy
testified that she would never forget looking at appellant right in the face
and eyes.








During the defense portion of the trial, appellant
presented two witnesses: appellant=s mother and
stepfather, who reside in Humble.  Appellant=s stepfather,
Robert Blow, testified that appellant had come to his house to visit with
appellant=s mother about her health the morning Ms. Dominy was
robbed.  Mr. Blow further testified that appellant helped with yardwork and was
still at the house when he left for work at approximately 3 p.m.  Appellant=s mother, Eleanor
Jean Evans, testified that appellant, along with her other children, had come
to her house about nine or ten in the morning of February 28, 2006 to discuss her
health and recent diagnosis of an unspecified illness.  Ms. Evans initially
testified that her husband, Mr. Blow, was the first to leave the house when he
departed for work about 3 p.m.  She later testified that all of her children,
with the exception of appellant, left the house prior to her husband=s departure for
work. Ms. Evans testified she did not know exactly when appellant left but it
was probably about four or five in the afternoon.  Ms. Evans also admitted the
possibility that appellant may have left the house during the day to go to the
corner store.  Finally, Ms. Evans testified she called the Humble Police
Department about her son=s alibi but could not recall the names of
any officers she spoke to or any details about the call.  In rebuttal, the
State introduced the call records for the Humble Police Department.  Those call
records do not reflect that Ms. Evans had contacted the police department.  The
Humble Police Department=s records manager admitted that calls to
the police department are not always recorded for cases that are immediately
referred to another agency.








Appellant had initially surfaced as a suspect in the
robbery of Ms. Dominy after he was arrested for a similar incident which
occurred a week after, and approximately three miles away from, the location
where Ms. Dominy had been robbed.  At about 11 a.m. on March 6, 2006, Richard
Sathe and a co-worker were driving through a retail center parking lot when
they saw a white male steal a purse from a lone woman walking to her parked
car.  The suspect pushed his victim to the ground, ran a short distance, jumped
into a car, which immediately drove off. Mr. Sathe wrote down the license plate
number of the getaway car and then followed the suspect=s car.  After a
45-minute pursuit, the witnesses managed to detain the driver and alert a
nearby police officer to the matter.  By the time the getaway car was stopped,
only the driver, a black male, was still in the car.  Mr. Sathe had seen the
other three occupants exit the vehicle during the chase.  At trial, Mr. Sathe
identified appellant as the driver of the getaway vehicle in the second theft. 
Appellant was charged with burglary of a motor vehicle for his involvement in
the March 6 incident.  Investigators soon connected appellant with the February
28 robbery because of the similarities between the cases, such as the closeness
in time between the incidents, the locale of the incidents, the manner in which
they were committed, and, according to Detective McCoy, the unusual occurrence
of white and black males participating in criminal activity together.  The
trial court admitted the testimony regarding appellant=s involvement in
the extraneous robbery over appellant=s relevance and
Rule 403 objections.  During the examination of the witnesses regarding the
extraneous offense, the trial court instructed the jury that the testimony was
not being offered for the truth of the matter asserted, Abut to show [the
jury] the context in which all of this occurred and came together and for that
purpose.@  In addition, in
the jury charge, the trial court instructed the jury that it was to only
consider the evidence for the limited purpose of determining the motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident of the appellant in connection with the charged offense. 

Appellant was found guilty of robbery by the jury. 
Appellant waived a punishment hearing and the trial court sentenced appellant to
twenty years= confinement in the Institutional Division of the
Texas Department of Criminal Justice.  This appeal followed.

Discussion

In his first issue on appeal, appellant contends the
evidence is legally and factually insufficient to support his conviction.  In
his second issue, appellant contends the trial court reversibly erred when it
admitted evidence of the extraneous robbery into evidence.  Because it could
impact our handling of the challenges to the sufficiency of the evidence, we
address appellant=s second issue first.








A.      Evidence
of the Extraneous Robbery is Relevant Under Rule 404(b)

In his second issue, appellant initially contends the
evidence of appellant=s alleged involvement in the extraneous
robbery is not admissible under Rule 404(b) because the two offenses are not
sufficiently similar.

1.       Standard
of Review

Evidence of a person=s character or
character trait is not admissible for the purpose of proving action in
conformity therewith.  Tex. R.
Evid. 404(b).  Evidence of other
crimes, wrongs, or acts may be admissible if it has relevance apart from its
tendency to prove the character of a person in order to show that he acted in
conformity therewith.  Id., Montgomery v. State, 810 S.W.2d 372,
387 (Tex. Crim. App. 1990) (op. on reh=g). Illustrative
of the permissible purposes to which evidence of other crimes, wrongs, or acts
may be put are proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident.  Id.  These
exceptions are neither exclusive nor exhaustive.  Pondexter v. State,
942 S.W.2d 577, 583B84 (Tex. Crim. App. 1996).  Extraneous
offense evidence that logically serves any of these purposes is relevant beyond
its tendency to prove the character of a person to show that he acted in
conformity therewith.  Montgomery, 810 S.W.2d at 387.  It is therefore
admissible, subject only to the trial court=s discretion
nevertheless to exclude it if  its probative value is substantially outweighed
by the danger of unfair prejudice.  Id. citing Tex. R. Evid. 403.  However, if the extraneous
offense evidence is not relevant apart from supporting an inference of
character conformity, it is absolutely inadmissible under Rule 404(b).  Id.








Questions of relevancy should be left largely to the trial
court, relying on its own observations and experience.  Moreno v. State,
858 S.W.2d 453, 463 (Tex. Crim. App. 1993).  If the trial court determines the
evidence has relevance apart from character conformity, the evidence should be
admitted absent a further objection from the opponent of the evidence.  Montgomery,
810 S.W.2d at 389.  The trial court=s decision whether
to admit evidence under Rule 404(b) will be upheld on appeal absent an abuse of
discretion.  Id. at 391.  In other words, an appellate court will not
intercede as long as the trial court=s decision is
within the zone of reasonable disagreement.  Id.

2.       The Trial
Court Did Not Abuse Its Discretion When it Admitted Evidence of the Extraneous
Robbery

In order to be deemed relevant and therefore admissible to
prove identity, any extraneous offenses must be sufficiently similar so as to
mark them as the defendant=s handiwork.  Johnson v. State, 68
S.W.3d 644, 650B51 (Tex. Crim. App. 2002); Lane v.
State, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996).  In assessing
similarity, courts may take into account the specific characteristics of
offenses, as well as the time interval between them.  Johnson, 68 S.W.3d
at 651.  Similarity may be shown by proximity in time and place, or by a common
mode of committing the offenses.  Lane, 933 S.W.2d at 519; Ransom v.
State, 503 S.W.2d 810, 813 (Tex. Crim. App. 1974).

Here, despite appellant=s contention
otherwise, the record demonstrates numerous similarities between the two
offenses.  The offenses occurred within three miles of one another and within a
six-day time period.  Both took place late in the morning and in large retail
parking lots on major streets.  Both acts were perpetrated quickly, snatching
purses from unaccompanied females walking or standing in the parking lots. 
Both offenses were carried out without the use of a deadly weapon or verbal
threats.  Both offenses involved white and black participants, which Detective
McCoy testified was a rare occurrence.  Finally, appellant was the driver of
the getaway vehicle during both offenses.  We hold that the two offenses were
sufficiently similar thus making the testimony regarding the extraneous offense
relevant on the issue of identity.








B.      The
Prejudicial Effect of the Extraneous Offense Evidence Did Not Outweigh the
Probative Value

In his second issue, appellant also contends the trial
court abused its discretion when it allowed the State to present the extraneous
offense evidence because it was unfairly prejudicial and should have been
excluded under Rule 403 of the Texas Rules of Evidence.  Tex. R. Evid. 403.

1.       The
Standard of Review








Although relevant, evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice.  Tex. R. Evid. 403.  Therefore, upon further objection from the opponent of
the evidence based on Rule 403, the trial court must weigh the probativeness of
the evidence against the potential for unfair prejudice.  Montgomery,
810 S.W.2d at 389.   A trial court=s ruling on a Rule
403 objection will not be overturned absent an abuse of discretion.  State
v. Mechler, 153 S.W.3d 435, 439B40 (Tex. Crim.
App. 2005).  The rationale for this broad discretion is twofold.  First, Rule
403's language that relevant evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice displays the
drafters= intent to vest
the trial court with substantial discretion.  Id. at 439.  Second, the
trial court is in a superior position to evaluate the impact of the evidence
than an appellate court reviewing only a transcript.  Id.; Montgomery,
810 S.W.2d at 378B79.  Unlike the trial court, an appellate
court cannot weigh on appeal the intonation and the demeanor of the witnesses
preceding the testimony in issue, nor can an appellate court determine the
emotional reaction of the jury to other pieces of evidence or judge the success
of impeachment by cross-examination through observation of the jurors.  Montgomery,
810 S.W.3d at 379.  The test for whether a trial court abused its discretion is
whether the action was arbitrary or unreasonable, and we must uphold the
admissibility decision when it is within the zone of reasonable disagreement.  Mechler,
153 S.W.3d at 439B40.  The opponent of the evidence has the
burden to demonstrate that the prejudicial effect substantially outweighs the
probative value of the evidence.  Montgomery, 810 S.W.2d at 377.

2.       Application
of Rule 403

Under Texas Rule of Evidence 401, evidence is relevant if
it has any tendency to make the existence of any fact of consequence to the
determination of the action more or less probable than it would be without the
evidence.  Tex. R. Evid. 401. 
There is a presumption of admissibility of relevant evidence.  See Tex.
R. Evid. 402; Erazo v. State,
144 S.W.3d 487, 499 (Tex. Crim. App. 2004).  Relevant evidence may still be
excluded by the trial court under Rule 403 Aif its probative
value is substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence.@  Tex. R. Evid. 403.  When a trial court balances the
probative value of the evidence against the danger of unfair prejudice, a
presumption exists that favors the evidence=s probative
value.  Feldman v. State, 71 S.W.3d 738, 754B55 (Tex. Crim.
App. 2002).  The relevant criteria for determining whether the prejudice of
admitting the evidence substantially outweighs the probative value include the
following: (1) the probative value of the evidence; (2) the potential the
evidence has to impress the jury in an irrational but nevertheless indelible
way; (3) the time needed to develop the evidence; and (4) the proponent=s need for the
evidence to prove a fact of consequence.  Mechler, 153 S.W.3d at 440. 
If the record reveals one or more of these considerations led to a risk that
the probative value of the evidence was substantially outweighed by the danger
of unfair prejudice, then an appellate court should conclude the trial court
abused its discretion in admitting the evidence.  Reese v. State, 33
S.W.3d 238, 241 (Tex. Crim. App. 2000).

a.       Probative
Value

We start with an examination of the probative value of the
evidence.  The State asserts 








the
extraneous offense evidence was introduced to rebut appellant=s alibi witnesses,
thus bolstering the State=s evidence identifying appellant as the
person who snatched Ms. Dominy=s purse.  Extraneous offense evidence may
be admitted to rebut a defensive theory.  Moses v. State, 105 S.W.3d
622, 626 (Tex. Crim. App. 2003) (stating that rebuttal of a defensive theory is
one of the permissible purposes for which relevant evidence may be admitted
under Texas Rule of Evidence 404(b) ).  In addition, extraneous offense
evidence may be admissible to show identity when identity is an issue in a
case.  Johnson v. State, 68 S.W.3d 644, 650B51 (Tex. Crim.
App. 2002).  Because identity was an issue in this case and appellant produced
two witnesses testifying to an alibi, we agree with the State that the
extraneous offense evidence is highly probative.

b.       Indelible
Impression

The second criteria used to determine whether the prejudice
of admitting the evidence substantially outweighed the probative value is
whether the evidence has the potential to impress the jury in an irrational but
nevertheless indelible way.  Rule 403 does not exclude all prejudicial evidence,
if it did, all of the State=s evidence would be excluded as that is
the  purpose behind all of the State=s evidence. 
Instead, Rule 403 focuses only on the danger of unfair prejudice and the
tendency to tempt the jury into finding guilt on grounds apart from proof of
the offense charged.  Mechler, 153 S.W.3d at 440.  While the testimony
was certainly prejudicial to appellant, it rebutted appellant=s defensive
theories of alibi and that Ms. Dominy=s brief
opportunity to view the perpetrator led to a mistaken identification of
appellant as that perpetrator.  The trial court gave a limiting instruction to
the jury while the extraneous offense evidence was being introduced during the
trial as well as a limiting instruction in the jury charge.  Accordingly, we
find that the extraneous offense evidence does not have a great potential to
impress the jury in an irrational way and would not tempt the jury into a
finding of guilt on improper grounds.

 








c.       Time to
Develop

The third criteria used to determine whether the prejudice
of admitting evidence substantially outweighs the probative value is the amount
of time needed to develop the contested evidence, during which the jury will be
distracted from the indicted offense.  Id. at 441.  The State admits the
disputed extraneous offense evidence encompassed approximately one-third of the
State=s total
testimony.  The testimony covers only 23 pages out of the reporter=s record, the
evidence portions of which total 158 pages. Because it was relatively brief, we
hold that the extraneous offense evidence was unlikely to distract the jury
from considering the charged offense and thus does not weigh against admitting
the evidence.

d.       The Need
for the Evidence

The last factor used to determine whether the prejudice in
admitting the evidence substantially outweighs the probative value focuses on
the proponent=s need for the evidence to prove a fact of
consequence.  This factor encompasses whether the proponent has other evidence
establishing this fact and whether this fact is related to a disputed issue.  Id. 
The contested testimony was certainly related to a disputed issue: the identity
of the appellant as the perpetrator of the robbery.  The State also
demonstrated a need for the evidence: to rebut appellant=s alibi evidence
and mistaken identification theory.  We hold that the State needed the
extraneous offense evidence to rebut appellant=s alibi witnesses.

Evaluating the above four factors and balancing the
prejudicial nature of the evidence against its probative value, we conclude the
probative value of the evidence is not substantially outweighed by its
prejudicial effect.  Accordingly, the trial court did not abuse its discretion
when it admitted the extraneous offense evidence.  Therefore, we overrule
appellant=s second issue on appeal.

 








C.      Legal
Sufficiency of the Evidence

1.       Standard
of Review

To evaluate appellant=s legal
sufficiency challenge, we view all the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Salinas
v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury, as the
sole judge of the credibility of the witnesses, is free to believe or
disbelieve all or part of a witness=s testimony.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in
a second evaluation of the weight and credibility of the evidence, but only ensure
the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238,
246 (Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784 (Tex.
App.CHouston [14th
Dist.] 2005, pet. ref=d).

2.         The Evidence is Legally
Sufficient








Appellant
was charged with the offense of robbery.  A person commits robbery if, in the
course of committing theft and with the intent to obtain or maintain control of
the property, the person intentionally or knowingly threatens or places another
in fear of imminent bodily injury or death.  Tex. Penal Code Ann. ' 29.02(a)(2) (Vernon 2003). 
Appellant challenges the legal sufficiency of the evidence by pointing out (1)
the short amount of time which Ms. Dominy had to see the person who robbed her;
(2) the fact that in her written statement, Ms. Dominy did not mention looking
directly into appellant=s eyes and face;  and (3) the alibi testimony of appellant=s mother and stepfather.  The jury is
the exclusive judge of the credibility of the witnesses and the weight to be
given their testimony.  Westbrook v. State, 29 S.W.3d 103, 111 (Tex.
Crim. App. 2000).  Even in the face of the contrary evidence pointed out by
appellant, when viewed in the light most favorable to the verdict, a rational
jury could have concluded Ms. Dominy=s testimony identifying appellant as
the person who stole her purse on February 28, 2006 established, beyond a
reasonable doubt, all of the essential elements of the robbery charge.  We hold
the evidence is legally sufficient to support the jury=s verdict.

 D.     Factual
Sufficiency of the Evidence

In his factual sufficiency challenge appellant contends the
evidence contrary to the jury=s verdict overwhelmingly outweighs the
evidence supporting the verdict.  Here, in addition to the contrary evidence
appellant emphasized in his legal sufficiency challenge, appellant points out
(1) the robbery occurred very quickly; (2) Ms. Dominy admitted she had never
seen the robber before the robbery; (3) Ms. Dominy incorrectly testified that
she gave her written statement to the police days after the offense rather than
two weeks afterward as Detective McCoy testified; and (4) the evidence from the
extraneous robbery testimony showed that appellant only drove the getaway car
and did not actually take the purse from the victim.

1.       Standard
of Review








In a
factual sufficiency review, we consider all the evidence in a neutral light.  Prible
v. State, 175 S.W.3d 724, 730B31 (Tex. Crim. App. 2005).  The
evidence may be factually insufficient in two ways.  Id.  First,
when considered by itself, evidence supporting the verdict may be so weak the
verdict is clearly wrong and manifestly unjust.  Id.  Second, where the
evidence both supports and contradicts the verdict, the contrary evidence may
be strong enough that the beyond-a-reasonable-doubt standard could not have
been met.  Id.  Our evaluation should not intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony. Cain
v. State, 958 S.W.2d 404, 408B09 (Tex. Crim.
App. 1997).  As an
appellate court, we may not reverse a criminal conviction because the evidence
is factually insufficient unless we can say, with some objective basis in the
record, that the great weight and preponderance of the evidence contradicts the
jury=s finding.  Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  Our analysis must consider the
evidence appellant claims is most important in allegedly undermining the jury=s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

2.         The Evidence is Factually
Sufficient

In this case appellant was charged with the felony offense
of robbery.  The jury heard all the evidence, including the evidence cited by
appellant, and still accepted the State=s evidence and
rejected appellant=s.  The jury is the exclusive judge of the
credibility of the witnesses and the weight to be given their testimony.  Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  The jury=s decision is not manifestly unjust
merely because the jury resolved conflicting views of the evidence in favor of
the State.  Cain, 958 S.W.2d at 410.  The jury was free to reject all of the
defensive evidence if it so chose.  Davis v. State, 831 S.W.2d 839, 842
(Tex. App.CDallas 1992, pet. ref=d).  Therefore,
the fact that the jury did so here does not render the evidence factually
insufficient.  We hold the evidence is factually sufficient.  Having determined
the evidence is both legally and factually sufficient, we overrule appellant=s first issue.

Conclusion

Having overruled both of appellant=s issues on appeal, we affirm the
judgment of the trial court.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed January 22, 2008.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).